UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:21-CR-51-HAB-SLC<br>CASE NO. 1:25-CV-609-HAB |
| RONNIE L RUTHERFORD JR | |

## OPINION AND ORDER

Defendant Ronnie L. Rutherford Jr. ("Rutherford") is serving a 120-month prison term for possessing a controlled substance with intent to distribute. On November 13, 2025, Rutherford filed the motion before this Court to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 56).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge who receives a motion under 28 U.S.C. § 2255 to promptly examine it. If it is clear that "the moving party is not entitled to relief, the judge must dismiss the motion." 28 U.S.C. § 2255; Rule 4(b) of Rules Governing Section 2255 Proceedings.

Section 2255 sets forth a one-year statute of limitations. 28 U.S.C. § 2255(f). That limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Rutherford's claim is time-barred. His judgment of conviction became final on February 10, 2022.[1] (ECF No. 50). He does not allege that the government impeded him from making a Section 2255 motion in the three years and nine months since then. (ECF No. 56). Nor does he point to any new right recognized by the Supreme Court or identify any newly discovered facts supporting his legal claim. (*Id.*)

Rutherford argues that his motion is nonetheless timely under the "actual innocence exception" and "the limited exception carried out by the Supreme Court of the United States in [*Martinez v. Ryan*, 566 U.S. 1 (2012)]." (*Id*. at 12). He asserts that he only recently learned that he is "actually innocent" because he and a jailhouse lawyer purportedly discovered that the career criminal enhancement under 21 U.S.C. § 851 was misapplied to him. (*Id.* at 4–5). This is wrong.

What Rutherford points to is not a newly discovered "fact" that would exempt him from the time-limitation under 28 U.S.C. § 2255(f)(4). An allegation that an enhancement was misapplied is one of legal, not factual, innocence, so the time bar still applies. *Lairy v. United States*, 142 F.4th 907, 915 (7th Cir. 2025). Even if Rutherford were claiming factual innocence, he must allege new facts that would not have been discoverable without due diligence before the past year. 28 U.S.C. § 2255(f)(4). The Government entered a notice of information before Rutherford's guilty plea to establish his prior conviction so it could seek a sentence enhancement. (ECF No. 29). This put him and his counsel on notice of the requirements for an enhancement under 21 U.S.C. § 851. He had all the evidence he needed for this before trial and due diligence could have uncovered any error.

---

[1] Rutherford's motion for a sentence reduction under 18 U.S.C. 3582(c)(2) filed in May 2024, which was denied in June 2024, does not change the date of final judgment. (ECF Nos. 54, 55). Even if it did, more than one year has passed, so it would still be time-barred.

But there was no error to begin with. Despite Rutherford's claim to the contrary, the enhancement under 21 U.S.C. § 851 can apply to those with "*one or more* prior convictions." 21 U.S.C. § 851(a)(1) (emphasis added). A defendant need not have *more than one* prior conviction.

As for Rutherford's assertion of a limited exception under *Martinez*, it seems to be an end-around way of alleging ineffective assistance of counsel. Such a claim is still time-barred. *See, e.g., Nolan v. United States*, 358 F.3d 480 (7th Cir. 2004); *United States v. Mariscal-Pena*, 42 F. App'x 403 (10th Cir. 2002). Even if it were not, to prove ineffective assistance, he would have to show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Section 851 enhancement was properly applied. Thus, his counsel's performance cannot have been deficient, and he suffered no prejudice. Because Rutherford's motion is untimely and his arguments lack merit, it will be denied.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to either "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). For the reasons articulated above, the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, so no certificate of appealability will be issued.

3

For these reasons, Rutherford's motion to vacate (ECF No. 56) is DENIED and no certificate of appealability will issue.

**SO ORDERED** on November 17, 2025.

                                                 s/ *Holly A. Brady*
                                                 CHIEF JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT