**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA

v.

CASE NO. 1:21-CR-51-HAB-SLC
CASE NO. 1:25-CV-609-HAB

RONNIE L RUTHERFORD JR

## OPINION AND ORDER

Ronnie L. Rutherford Jr. ("Rutherford") has twice moved to vacate his conviction under 28 U.S.C. § 2255 and the Court has denied both motions. (ECF 56, 57, 59, 63, 64, 66). He is appealing this Court's determinations and now moves to proceed in forma pauperis on appeal. (ECF 68).

Under 28 U.S.C. § 1915, a party may commence an appeal without prepayment of fees if he is indigent and the appeal is taken in good faith. To establish indigency, a party must submit an affidavit including a statement of all assets which demonstrates that he is unable to pay the filing fee or give security therefore. 28 U.S.C. § 1915(a)(1). The affidavit must also include "the nature of the ... appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Federal Rule of Appellate Procedure 24 sets forth similar requirements: a party who wishes to proceed in forma pauperis on appeal must attach an affidavit that (1) shows that the party cannot pay the filing fee; (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." FED. R. APP. P. 24. To establish good faith, as required by both § 1915(a)(3) and Rule 24(a)(4)(B), a party seeking leave to appeal in forma pauperis must demonstrate to the district court that "a reasonable person could suppose that the appeal has some

merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Rutherford is indigent. He is incarcerated with no income, job, or assets. (ECF 68). Rutherford's affidavit thus adequately demonstrates that he is unable pay the filing fee or give security therefore under § 1915(a)(1).

But Rutherford's appeal is not taken in good faith. The Court has explained several times why Rutherford's motions to vacate his conviction are legally deficient. (ECF 57, 63, 66). His claims are time-barred. (ECF 63, at 2). And even if they were not, the sentencing enhancement "error" that he insists occurred was not an error at all. (*Id.*). That sentencing enhancement he challenges was applied properly, and no reasonable jurist could think otherwise.

Thus, Rutherford's Motion for Leave to Appeal in Forma Pauperis (ECF 68) is DENIED.

**SO ORDERED** on May 20, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT